UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AMY JOSEPH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>INVENTURE FOODS, INC.,<br><br>    Defendant. | No. 21 cv 1340<br><br>Magistrate Judge Young B. Kim |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS AND EXPENSES, AND A SERVICE AWARD**

Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Sharon A. Harris
*sharon@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Jeffrey D. Blake
*jeff@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

Counsel for the Plaintiff and Settlement Class

Plaintiff AMY JOSEPH ("Plaintiff") by and through undersigned counsel, moves this Court for an order: (i) approving the agreed-upon attorneys' fees, costs, and expenses, and a service award; and (ii) ordering such other relief as the Court deems reasonable and just.

## I. INTRODUCTION

Class Counsel achieved considerable benefits for Settlement Class Members—a Settlement Fund of $900,000 to pay eligible claimants on a pro rata basis.[1] Class Counsel propelled this case to a favorable resolution in the face of considerable litigation risk against a well-funded and staunch defense. The Settlement is fair and reasonable; Class Counsel's attorneys' fee request of one-third of the Settlement Fund after costs for notice and claims administration is fair and reasonable. In addition, Plaintiff's request for reimbursement of litigation costs and expenses and a service award are reasonable and in line with awards in similar cases in this Circuit. Accordingly, Plaintiff's motion for an award of attorneys' fees, costs and expenses, and a service award should be granted.

## II. CLASS COUNSEL'S WORK

Class Counsel conducted a thorough pre-filing investigation into the merits of the case, including analysis into representations on the labels of the at-issue products—TGI Friday's Mozzarella Sticks Corn Snacks (the "Products"). Class Counsel extensively researched retailers for prices and ingredients of comparable products, investigated the scope of the claimed misconduct, researched applicable laws and regulations, and considered other potential legal issues and viability of the claims asserted. Declaration of Thomas A. Zimmerman, Jr. ("Zimmerman Decl.") ¶ 15, attached hereto as Exhibit 1.

---

[1] Plaintiff incorporates the definitions from the Settlement Agreement. *See* Settlement Agreement ("SA") § II.

Plaintiff filed her complaint in the Circuit Court of Cook County on February 5, 2021, along with her motion for class certification, which is required in Illinois state court to prevent a defendant's pick-off attempt from mooting the class action under *Barber v. American Airlines, Inc.*, 241 Ill.2d 450 (2011). Zimmerman Decl. ¶ 16. Plaintiff asserted claims against Defendants Inventure Foods, Inc. and TGI Friday's, Inc. for the violation of the Illinois Food, Drug, and Cosmetic Act, 410 ILCS 620/1, *et seq.*, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, and cognate state laws of other states, and a claim for unjust enrichment. Dkt. 1. Plaintiff sought to represent a class of consumers nationwide who purchased the Products. *Id*.

On March 10, 2021, Defendants removed the case to the United States District Court for Northern District of Illinois. Dkt. 1. On April 16, 2021, Defendants filed a motion to dismiss for failure to state a claim. Dkt. 14–15. In response, Plaintiff filed an Amended Complaint (Dkt. 18), as to which Defendants filed another motion to dismiss for failure to state a claim and motion to strike nationwide class allegations. Dkt. 22–23. Plaintiff responded to the motion. Dkt. 26. Plaintiff also filed a notice of supplemental authority in support of her opposition to the motion to dismiss on November 17, 2021. Dkt. 29.

On June 1, 2022, Plaintiff filed a motion to lift the stay on discovery for the purpose of conducting limited discovery. Dkt. 31. The Court entered and continued Plaintiff's motion pending its decision on Defendants' motion to dismiss and to strike. Dkt. 34. At Class Counsel's urging, the parties conducted informal discovery while the motion to dismiss was pending to explore the possibility of early resolution. Zimmerman Decl. ¶ 24. Plaintiff issued a first set of discovery requests to Defendants on May 13, 2021. *Id*. Plaintiff followed up with a second set of discovery requests to Defendants. *Id*. Defendants responded to Plaintiff's discovery requests and produced

documents related to the facilitation of settlement discussions. *Id*. ¶ 25. Class Counsel reviewed and analyzed the documents and data produced by Defendants, and prepared a settlement demand based on their thorough analysis of the data provided by Defendants and the facts of the case. *Id*. ¶ 26. On August 4, 2022, the parties held a preliminary settlement discussion with Magistrate Judge Kim, but did not reach a resolution while the motion to dismiss and strike class allegations was still pending. Dkt. 39.

On November 28, 2022, the Court decided Defendants' motion to dismiss, dismissed TGI Friday's from the case, but denied the motion with respect to Inventure. Dkt. 40. On the same date, the parties held a second preliminary settlement discussion that benefitted from the guidance of Magistrate Judge Kim. Dkt. 42. On December 5, 2022, the parties held another preliminary settlement discussion with Magistrate Judge Kim, where they agreed to conduct an in-person settlement conference on February 17, 2023. Dkt. 44.

On December 12, 2022, Defendant Inventure answered the Amended Complaint. Dkt. 46. In connection with the parties' mediation, Plaintiff obtained, *inter alia*, the following discovery pertaining to the Products throughout the Class Period: (i) exemplar labels for all sizes of the Products; (ii) information regarding the use of the phrase "Mozzarella Sticks" on the Products' labels; (iii) the Products' formulation; and (iv) pertinent financial information, including sales data associated with the Products by year, package size and geographic region. Zimmerman Decl. ¶ 30. Plaintiff also produced to Defendant additional information regarding Plaintiff's purchases of the Products. *Id.*

On February 17, 2023, at the settlement conference mediated by Magistrate Judge Kim, the parties reached the general terms of the classwide settlement memorialized in the Settlement Agreement ("Agreement" or "SA"). Dkt. 49. The parties worked cooperatively over the next

couple of months to draft, negotiate, and finalize the remaining terms of the Settlement Agreement, agree upon and engage the notice and claims administrator, and prepare the necessary notice and claims materials. Zimmerman Decl. ¶ 32. On May 24, 2023, Plaintiff filed the Motion for Preliminary Approval of the Settlement. Dkt. 59.

### III. THE AGREED-UPON ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ARE REASONABLE AND APPROPRIATE

Upon approval of the Settlement, Plaintiff and Class Counsel will have succeeded in generating a significant monetary benefit for the Class. As such, Class Counsel requests that the Court (1) approve Class Counsel's requested attorneys' fees of one-third of the Settlement Fund less notice and administration costs, (2) approve Class Counsel's request for reimbursement of costs and litigation expenses, and (3) approve the Service Award to the Plaintiff.

#### A. Standards for Granting Attorneys' Fees Awards

It is well-settled that attorneys who achieve a benefit for class members are entitled to be compensated for their services. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Fed. R. Civ. Proc. 23(h) allows the Court to award "reasonable attorney's fees . . . that are authorized by law or by the parties' agreement." *Leung v. XPO Logistics, Inc.*, 326 F.R.D. 185, 198 (N.D. Ill. 2018) (quoting Fed. R. Civ. P. 23(h)).

District courts have discretion to use the lodestar or percentage-of-fund approach to calculate attorneys' fees in common-fund cases. *See Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 560, 566 (7th Cir. 1994). "When deciding on appropriate fee levels in common-fund cases, courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001).

The goal in awarding a reasonable attorneys' fee award "is to give the lawyer what he would have gotten in the way of a fee in an arm's length negotiation, had one been feasible." *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992). The "normal practice in consumer class actions" is to negotiate a fee arrangement based on a percentage of recovery." *Charvat v. Valente*, 12-CV-05746, 2019 WL 5576932, at *11 (N.D. Ill. Oct. 28, 2019). Because an *ex ante* agreement based on lodestar requires a client to monitor counsel, and Settlement Class Members had little incentive to do so, had an arm's length agreement been feasible, the Class would have more likely negotiated a fee arrangement based on a percentage of the recovery. *See In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 795 (N.D. Ill. 2015).

The Seventh Circuit has held that "[w]hen a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund, in recognition of the fact that most suits for damages in this country are handled on the plaintiff's side on a contingent-fee basis. The typical contingent fee is between 33 and 40 percent." *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998) (upholding the award of 38 percent of a $20 million settlement). District Courts within the Seventh Circuit "regularly award percentages of 33.33% or higher to counsel in class action litigation." *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 U.S. Dist. LEXIS 210368 at *35 (S.D. Ill. Dec. 13, 2018). *See also, Behrens v. Landmark Credit Union*, No. 17-cv-101-jdp, 2018 U.S. Dist. LEXIS 106358 at *16 (W.D. Wis. June 26, 2018) ("And generally, a 33 to 40 percent contingency fee is considered consistent with the market rate and reasonable."); *Martin v. Caterpillar Inc.*, No. 07-CV- 1009, 2010 U.S. Dist. LEXIS 145111, 2010 WL 11614985, at *2 (C.D. Ill. Sept. 10, 2010) ("[C]ourts in the Seventh Circuit award attorney fees 'equal to approximately one-third or more of the recovery.' . . . The Seventh Circuit itself has specifically noted that 'the typical contingent fee is between 33 and 40 percent.'") (citation omitted); *In re*

5

*Dairy Farmers of Am., Inc., Cheese Antitrust Litig.*, 80 F. Supp. 3d 838, 845 (N.D. Ill. 2015) (quoting *In re Cont'l Ill. Sec. Litig.*, 962 F.2d at 572) (The Seventh Circuit noted that the "usual range for contingent fees is between 33 and 50 percent.").

In calculating such an award, the Court "must assess the value of the settlement to the class and the reasonableness of the agreed-upon attorneys' fees for class counsel, bearing in mind that the higher the fees the less compensation will be received by the class members." *Redman v. RadioShack, Corp.*, 768 F.3d 622, 629 (7th Cir. 2014). Factors bearing on the market price for legal fees may include "the risk of nonpayment, the quality of the attorney's performance, the amount of work necessary to resolve the litigation, and the stakes of the case." *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825, 833 (7th Cir. 2018).

**B.     The Requested Attorneys' Fee Award Is Fair and Reasonable**

Class Counsel's fee request of $246,667 out of the $900,000 Settlement Fund equates to 27.4% of the gross Settlement Fund. The fee request also equates to one-third of the $740,000 net Settlement Fund, after deducting the $160,000 cost for class notice and settlement administration.

This is well within the range of fees approved in other class action settlements in this District. *See, e.g.*, *Jackson v. Discover Fin. Services Inc.*, 1:21-CV-04529, 2023 WL 4780037, at *2 (N.D. Ill. July 26, 2023) ("The Court approves Class Counsel's application for attorneys' fees of $294,002.66 (representing one-third of the $1,000,000.00 Settlement Fund, less notice and administration costs, or 29.4% of the total Settlement Fund), which the Court finds to be fair and reasonable under the particular circumstances in this case."); *Sykes v. Legacy Healthcare Fin. Services, LLC*, 1:21-CV-03190, 2023 WL 512969, at *2 (N.D. Ill. Jan. 24, 2023) ("The Court awards to Class Counsel one-third of the gross settlement fund, $433,333.33, as a fair and reasonable attorneys' fee, which shall include all attorneys' fees associated with the Action.");

*Winking v. Smithfield Fresh Meats Corp.*, 1:22-CV-01937, 2022 WL 16706898, at *2 (N.D. Ill. Nov. 4, 2022) ("The Court grants Plaintiffs' Counsel's request for one-third of the $180,000 Gross Settlement Amount ($60,000) as reasonable attorneys' fees"); *Macovski v. Groupon, Inc.*, 1:20-CV-02581, 2022 WL 17256417, at *1 (N.D. Ill. Oct. 28, 2022) ("Lead Counsel is hereby awarded attorneys' fees in the amount of 33⅓% of the Settlement Fund (including interest earned thereon at the same rate as the Settlement Fund) and $250,227.03 in reimbursement of counsel's out-of-pocket litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable"); *Pierrelouis v. Gogo Inc.*, 18-CV-04473, 2022 WL 7950362, at *1 (N.D. Ill. Oct. 13, 2022) ("Lead Counsel is hereby awarded attorneys' fees in the amount of 33⅓% of the Settlement Fund (including interest earned thereon at the same rate as the Settlement Fund) and $139,347.45 in reimbursement of counsel's out-of-pocket litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable."); *Dobbs v. DePuy Orthopaedics, Inc.*, 15 CV 8032, 2017 WL 4572497, at *4 (N.D. Ill. May 9, 2017) (awarding 35% of the plaintiff's recovery under quantum meruit); *Campos v. KCBX Terminals*, N.D. Ill. Case No. 13 CV 08376, ECF. Nos. 216, 239 (Order granting attorneys' fee award of 35% of common fund created in class-action settlement); *Schulte v. Fifth Third Bank*, 805 F.Supp.2d 560, 599 (N.D. Ill. 2011) ("The Court is independently aware that 33 1/3% to 40% (plus the cost of litigation) is the standard contingent fee percentages in this legal marketplace for comparable commercial litigation."); *Retsky Family Ltd. P'ship*, 2001 WL 1568856, at *4 (N.D. Ill. 2001) ("A customary contingency fee would range from 33 1/3% to 40% of the amount recovered.").

Class Counsel requests a fee that is fair and reasonable under these judicial decisions. Class Counsel seek an award of attorneys' fees of one-third of the net Settlement Fund, after deducting

7

notice and administration costs. The additional factors analyzed below further support granting the request.

### 1. The Value of the Settlement Supports Plaintiffs' Fee Request

The Settlement benefits favor granting Plaintiffs' fee request. The Settlement requires Defendant to pay $900,000 into a non-reversionary Settlement Fund. SA § IV.A.1.

Under the Settlement, Eligible Class Members who made one or more Qualifying Purchases and submit a Claim Form pursuant to the terms and conditions of the Agreement are entitled to a payment of $0.30 per Qualifying Purchase up to a maximum of 20 Qualifying Purchases, or $6.00 per household. SA § IV.D.1. The Settlement Fund is non-reversionary, and Settlement Class Members' awards will be increased or reduced pro rata depending on how many valid claims are submitted, so that the Settlement Fund is exhausted to pay valid claims. SA § IV.E.1–2.

The agreed-upon payment of $0.30 per bag of the Products is a fair and reasonable compromise for the claimed price premium attributed to the mozzarella cheese representation. Indeed, the Complaint alleges that consumers are willing to pay approximately $0.33 per ounce for a premium baked cheese puff snack, rather than a fried standard product. *See* Dkt. 18 ¶ 77. Given that the Settlement was achieved prior to completion of discovery, pretrial motions, class certification, expert discovery, trial, and appeal, the results of the Settlement—in the aggregate and individually—represent a considerable achievement that supports Class Counsel's fee request. Zimmerman Decl. ¶ 52.

### 2. The Contingent Nature of Recovery and Risk of Nonpayment Support Plaintiff's Fee Request

A substantial award is warranted in complex cases where there is a high risk of non-payment. *See In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, 2022 WL 6124787, at *3 (N.D.

Ill. Oct. 7, 2022). A contingent attorneys' fee arrangement weighs in favor of a fee request because of the burdens placed upon law practices in investment of money and time. *In re Thornburg Mortg. Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1256 (D.N.M. 2012). "Larger contingency fees are generally needed to persuade lawyers to take riskier cases because there is a lower chance that they will receive anything at the end." *In re TikTok, Inc. Consumer Privacy Litig.*, No. 20 C 4699, 2022 WL 2982782, at *27 (N.D. Ill. July 28, 2022).

From the outset, this action has been prosecuted by Class Counsel on a complete, "at-risk" contingent fee basis. Courts have long recognized that the attorneys' contingent risk is an important factor in determining the fee award. *See In re Pine Top Ins. Co.*, 292 Ill.App.3d 597, 605 (3rd Dist. 1997).

In *In re Washington Public Power Supply System Lit.*, the Ninth Circuit recognized that:

> Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose. [Citations omitted.] As the court observed in *Behrens v. Wometco Enter., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990), "[i]f this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing."

> 19 F.3d 1291, 1299-1300 (9th Cir. 1994).

Class Counsel took this case on a contingent-fee basis and agreed that they would not get paid if they lost. *See* Zimmerman Decl. ¶ 50. Without any recovery, Class Counsel would be paid nothing for their efforts, nor reimbursed for their expenditures on behalf of the Class. *Id.* "In undertaking to prosecute this complex case entirely on a contingent-fee basis, Class Counsel assumed a significant risk of nonpayment or underpayment. That risk warrants an appropriate fee." *Simpson v. Citizens Bank*, No. 12-10267, 2014 WL 12738263, at *7 (E.D. Mich. Jan 31, 2014).

9

In addition to the risks inherent in litigation and the investment of time and expenses required to litigate a case to a conclusion, Class Counsel faced considerable risks in this consumer fraud class action and faced a real prospect that after significant litigation, they would receive nothing for their efforts. Zimmerman Decl. ¶ 51. There remain substantial questions regarding the merits and class certification. Plaintiff would likely have had to obtain expert witness testimony to prevail on class certification and on the merits, incurring substantial costs in doing so and multiplying the issues in the litigation. *See In re TikTok*, 2022 WL 2982782, at *24 ("Proceeding to trial would take years of motion practice and extensive fact and expert discovery").

### 3. The Substantial Work Performed by Class Counsel To Usher The Case to a Speedy Resolution Warrants Granting the Requested Award

Class Counsel submits that they rendered exceptional representation to the Class in this lawsuit. That Class Counsel was able to secure significant settlement relief for the benefit of the Class, demonstrates the high quality of their performance. *In re Equity Funding Corporation of America Sec. Lit.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) (the quality of the work "necessarily includes the difficulty of the task performed").

Class Counsel's standing and experience are similarly relevant in considering a reasonable award. *See Demitro v. Gen. Motors Acceptance Corp.*, 388 Ill. App. 3d 15, 23 (1st Dist. 2009). As set forth in detail in the Zimmerman Declaration, Class Counsel has considerable experience in complex class action litigation in federal and state courts throughout the country. Zimmerman Decl. ¶¶ 4–14.

In the end, the quality of Class Counsel's work is best reflected by the favorable Settlement obtained for the benefit of the Class. The relief created by the Settlement for the benefit of the Class is an excellent result in both absolute terms and when balanced against the multitude of risks facing the Class Representative. Class Counsel's work, investigation, research, and advocacy

10

achieved the Settlement benefits. Indeed, Defendants were not willing to agree to any settlement until Plaintiff largely prevailed on Defendant's motion to dismiss and to strike class allegations. Dkt. 40.

Class Counsel conducted significant factual and legal research into the merits and strength of the case at the preliminary phase of litigation, bolstered the claims in an amended complaint in response to Defendants' motion to dismiss, and ultimately survived a motion to dismiss for failure to state a claim and motion to strike nationwide class allegations. Dkt. 40. Class Counsel pursued discovery and investigated the case while the motion to dismiss was pending, and placed the case in a position to reach an early settlement once the Court decided the motion to dismiss. Shortly after the motion to dismiss was decided, the parties were able to reach a classwide settlement because of Class Counsel's vigorous and capable advocacy on behalf of the Class.

Class Counsel conducted significant research of comparable products to calculate the price premium attributable to Defendant's alleged misrepresentation based on market evidence, and to analyze Defendant's sales and pricing data to form a reasonable estimate of aggregate damages to provide a benefit to the Settlement Class. Therefore, the Settlement comes as a direct result of Class Counsel's hard work and dedication to advancing this case. Class Counsel expects that they will have to expend additional efforts in the future to usher the Settlement Agreement to a final judgment not subject to appeal, including filing a motion for final approval, responding to any objections to the settlement, and assisting the settlement administrator in administrating the settlement as needed. Zimmerman Decl. ¶ 37.

### 4. Class Counsel's Lodestar Supports Their Fee Request

Plaintiff notes that the use of a lodestar cross-check in the Seventh Circuit "is no longer recommended." *See Bell v. Pension Comm. of Ath Holding Co. LLC*, 2019 U.S. Dist. LEXIS

150302 at *14 (S.D. Ind. Sep. 4, 2019) (citing *In re Synthroid Marketing Litig.*, 325 F.3d 974, 979-80 (7th Cir. 2003)). Nevertheless, Class Counsel's fee request is supported by a lodestar cross-check. The requested fee amounts to a modest **1.23 multiplier** of their *current* lodestar.

  A district court is under no obligation to cross-check the requested fees against the lodestar. *See In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 849 (N.D. Ill. 2015) (citing *Williams v. Rohm & Haas Pension Plan,* 658 F.3d 629, 636 (7th Cir.2011)) ("[C]onsideration of a lodestar check is not an issue of required methodology."). "While many courts in this circuit have criticized the use of a lodestar cross-check in common fund cases, the fee request here would nevertheless survive such an analysis." *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 598 (N.D. Ill. 2011).

  A risk "multiplier is, within the court's discretion, appropriate when counsel assume a risk of nonpayment in taking a suit" and "[m]ultipliers anywhere between one and four . . . have been approved"). *Harman v. Lyphomed, Inc.,* 945 F.2d 969, 974 (7th Cir.1991). Courts typically consider lodestar multipliers between 3 and 4 as the "middle" within the range of reasonable fees. *See Jones v. Dominion Res. Servs.*, 601 F. Supp. 2d 756, 766 (S.D. W. Va. 2009) (approving a lodestar multiplier between 3.4 and 4.3 as "closer to the middle of the range considered reasonable by courts"). However, when Class Counsel achieve an extraordinary settlement for the class in an expeditious manner, this supports an increased lodestar multiplier above the 4.5 level. *See Nieman v. Duke Energy Corp.*, No. 3:12-cv-456, 2015 WL 13609363, at *2 (W.D.N.C. Nov. 2, 2015) (awarding multiplier of 6.4—"the amount of the settlement and the efficiency of counsel in reaching such a resolution reinforce an upward variance from a 4.5 multiplier"); *In re Cardinal Health, Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 767 (S.D. Ohio 2007) (5.9 multiplier); *Beckman v. KeyBank N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) ("Courts regularly award lodestar multipliers of up to eight times the lodestar, and in some case, even higher multipliers."). To

12

determine a reasonable fee, the district court uses the lodestar method, multiplying the "number of hours reasonably expended on the litigation by a reasonable hourly rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

As of August 8, 2023, Class Counsel had reasonably expended **302.7 hours** on this case (for a **lodestar of $200,424.50**), and will devote additional hours to the completion of this case relative to final approval. Zimmerman Decl. ¶¶ 34–37.

The hourly rates utilized by Zimmerman Law Offices, P.C. ("ZLO") are comparable to rates charged by attorneys and paralegals with similar experience, skill, and reputation, for similar services in the Chicago legal market and comparable markets nationwide. Zimmerman Decl. ¶¶ 38-47. Indeed, several state and federal courts have approved Zimmerman's hourly rates as reasonable. *Id*.

Each of the hourly rates that ZLO billed for its attorneys and paralegals in this case are well below the established market rate for lawyers and paralegals with their respective years of experience. *See* Zimmerman Decl., ¶¶ 38–47, and Exhibit B (Laffey Matrix) thereto.

C. **Class Counsel's Request for Costs and Expenses Is Reasonable**

"It is well established that counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses, which includes such things as expert witness costs; computerized research; court reports; travel expenses; copy, phone and facsimile expenses and mediation." *Beesley v. Int'l Paper Co.*, No. 06-703, 2014 WL 375432, at *3 (S.D. Ill. Jan. 31, 2014).

Here, Class Counsel incurred costs and litigation expenses in the total amount of **$863.35** for which they are seeking reimbursement. The itemization and description of the costs are set forth in the Declaration of Thomas A. Zimmerman, Jr. and show that the expenses—which include filing and service of process fees—were reasonably incurred in advancing the litigation on behalf

13

of the Class. Thus, Class Counsel's litigation costs and expenses should be reimbursed. Zimmerman Decl. ¶ 49.

### D. The Service Award to the Class Representative Is Appropriate.

Service awards are appropriate in class actions because a class representative's efforts benefit absent class members and serve to encourage the future filing of beneficial litigation. *GMAC Mortg. Corp. v. Stapleton*, 236 Ill.App.3d 486, 497 (1st Dist. 1992). "Because a named plaintiff is an essential ingredient of any class action, the Court may authorize incentive awards when necessary to induce individuals to become named representatives." *TikTok*, 617 F. Supp. 3d at 948 (internal citations and quotations omitted).

"A study of approximately 1,200 class actions showed that the median incentive award per plaintiff was $5,250." *TikTok*, 617 F. Supp. 3d at 949; *see also* Theodore Eisenberg & Geoffrey P. Miller, *Service Awards to Class Action Plaintiffs: An Empirical Study*, 53 UCLA L. Rev. 1303, 1308 (2006) ("[t]he average award per class representative was $15,992 and the median award per class representative was $4,357"); *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F.Supp.2d 1028, 1041-42 (N.D. Ill. 2011) (collecting cases and finding $5,000-per-representative service awards reasonable); *Lozano v. Twentieth Century Fox,* No. 09-cv-6344 (N.D. Ill.) (approving service award of $15,000 in TCPA class action); *Weinstein v. AIRIT2ME, Inc.*, No. 1:06-cv-00484 (N.D. Ill.) (approving service awards of $10,000 to lead class representative and $5,000 to two additional representatives); *Crawford Lumber Co. v. Interline Brands, Inc.*, No. 11-CV-4462, 2015 WL 1399367, at *6 (N.D. Ill. Mar. 23, 2015) (approving an award of $25,000); *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, Nos. 07-CV-2898, 09-CV-2026, 2012 WL 651727 at 16 (N.D. Ill. Feb. 28, 2012) (awarding a $25,000 award to each of seven plaintiffs); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 503 (N.D. Ill. 2015) (awarding $5,000 where the case did not proceed past the earliest stages of discovery).

Here, a service award of $2,500 to Plaintiff is reasonable and is well in line with service awards approved by courts. Plaintiff has been instrumental in her role as Class Representative. *See* Zimmerman Decl. ¶ 53. Plaintiff initiated the lawsuit and reviewed the Complaint and Amended Complaint before they were filed. *Id.* Settlement was raised early on and Plaintiff and Class Counsel discussed the terms of the Settlement as it was being negotiated, and Plaintiff reviewed and approved the Agreement. *Id.* Plaintiff was committed to this litigation, and was prepared to be a part of any trial that may have followed. *Id.*

## IV. CONCLUSION

Plaintiff requests that this Court enter an order (1) awarding payment of $246,667 in attorneys' fees, and $863.35 in costs to Class Counsel, (2) approving a service award of $2,500 to Plaintiff, and (3) granting such other and further relief as this Court deems just and proper.

        Plaintiff Amy Joseph, individually, and on behalf of all others similarly situated,

        By:  /s/ Thomas A. Zimmerman, Jr.
            Thomas A. Zimmerman, Jr.
            *tom@attorneyzim.com*
            Sharon A. Harris
            *sharon@attorneyzim.com*
            Matthew C. De Re
            *matt@attorneyzim.com*
            Jeffrey D. Blake
            *jeff@attorneyzim.com*
            ZIMMERMAN LAW OFFICES, P.C.
            77 W. Washington Street, Suite 1220
            Chicago, Illinois 60602
            (312) 440-0020 telephone
            (312) 440-4180 facsimile
            www.attorneyzim.com

        Counsel for the Plaintiff and Class