UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY JOSEPH, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) | No. 21 CV 1340 |
| Plaintiff, ) ) ) | |
| v. ) ) | Magistrate Judge Young B. Kim |
| INVENTURE FOODS, INC., ) ) ) | October 30, 2023 |
| Defendant. ) | |

## FINAL APPROVAL ORDER

Before the court in this matter ("Action") are Plaintiff Amy Joseph's ("Plaintiff" or "Named Plaintiff") motion for final approval of Class Action Settlement ("Settlement"), on behalf of all Settlement Class Members—those Class Members who did not exclude themselves from the Settlement—and motion for attorneys' fees and expenses and a service award, pursuant to Federal Rule of Civil Procedure 23. The court, having considered the motions, related submissions, and the arguments of counsel at the final fairness hearing today, grants the motions. The court therefore ORDERS and FINDS as follows:

**1. Jurisdiction and Venue.** The court has jurisdiction over the subject matter of the Action, over the Plaintiff, the Settlement Class Members, and Defendant Inventure Foods, Inc. ("Inventure"). Venue is proper in this district.

**2. Settlement Agreement.** The Settlement Agreement submitted with Plaintiff's motion for preliminary approval of Class Action Settlement (R. 59-1), the

exhibits to the Settlement Agreement, and the definitions of words and terms included in this Settlement Agreement are incorporated by reference herein and incorporated in this Order.

3. **Preliminary Approval Order.** On June 6, 2023, this court entered a Preliminary Approval Order granting Plaintiff's motion for preliminary approval of Class Action Settlement, Conditional Certification of Settlement Class, and Approval of Proposed Notice to Settlement Class, (R. 64), pending the final fairness hearing. The court preliminarily approved the Settlement and: (a) conditionally certified the Settlement Class for settlement purposes only; (b) approved the form of and method of distribution of the Notice and Claim Form to the Settlement Class, as revised (Dkt. No. 62); (c) appointed Amy Joseph as Class Representative for the Settlement Class; (d) appointed Thomas A. Zimmerman, Jr., Jeffrey D. Blake, Matthew C. De Re, and Sharon Harris on behalf of Zimmerman Law Offices, P.C. as Class Counsel; and (e) appointed Class-Settlement.com as the Settlement Administrator. The terms of and findings made in the Preliminary Approval Order are adopted and incorporated into this Order.

4. **Final Class Certification for Settlement Purposes**. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the court finally certifies, for settlement purposes only, the following Class, to be known as the "Settlement Class":

> all persons who, during the Class Period, purchased in the United States any size or variety of the Eligible Products, as that term is defined below. Excluded from the Class are: (a) Inventure's board members or executive-level officers; (b) persons who purchased the Eligible Products primarily for the purpose of resale, including, but not limited to, retailers or re-sellers of the Eligible Products; (c) governmental entities;

(d) persons who timely and properly exclude themselves from the Class as provided in this Agreement; and (e) the Court, the Court's immediate family, and Court staff.

"Class Period" means the period from January 1, 2017, up to and including July 31, 2022.

"Eligible Product(s)" means any and all shelf stable (i.e. not refrigerated or frozen) TGIF brand Snacks of any size, style, flavor, and variety, manufactured, distributed or sold by Inventure that are or were labeled with the phrase "TGI Fridays Mozzarella Sticks Snacks" or any other words or phrases to convey the same or similar meanings, including without limitation:

    a. TGI Fridays Mozzarella Sticks Snacks Original;
    b. TGI Fridays Mozzarella Sticks Snacks Original Flavor; and
    c. TGI Fridays Mozzarella Sticks Snacks Original Flavor Baked.

**5. Prerequisites for Class Action.** Solely for purposes of Settlement, the court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are satisfied for the following reasons: (a) the members of the Settlement Class are so numerous as to make joinder impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) Named Plaintiff's claims and the defenses thereto are typical of the claims of the Settlement Class Members and defenses thereto; and (d) the Named Plaintiff and Class Counsel have and will fairly and adequately protect the interests of the Settlement Class Members.

**6. Rule 23(b)(3) Class Action**. The court finds, for settlement purposes, that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because: (a) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; and (b) a class action is superior to all other

available methods for fairly and efficiently resolving the controversies raised in this Action.

7. **Notice to the Class.** The court finds that the Settlement Administrator and the Parties have implemented the Notice Program, and that such Notice Program, including the forms of Notice used, constitutes the best notice practicable under the circumstances and fully satisfies due process, the requirements of Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws.

8. **Notice Under CAFA**. The Settlement Administrator served notice of the proposed Settlement on the United States Attorney General and all states' Attorneys General pursuant to the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1715. The court finds that the Settlement Administrator's notification of the Settlement fully complies with the requirements of CAFA.

9. **Exclusions**. Notice of the Settlement was disseminated to Class Members which provided notice of the Settlement and Class Members' right to request to be excluded from, or to opt out of, the Settlement Class. One individual—Jordan Rieser—submitted a timely written exclusion/opt-out statement to the Settlement Administrator.

10. **Objections to Settlement**. Settlement Class Members were also notified in the Notice of their right to object to the Settlement by filing written objections with the Settlement Administrator and Court. Neither the Settlement Administrator nor the court received any objections to the Settlement. Also, no one opposed Plaintiff's motion for final approval of Class Action Settlement or the motion for attorneys' fees and expenses and a service award.

11. **Final Approval of Settlement and Settlement Agreement**. The court finally approves the Settlement and the Settlement Agreement. The court finds that Settlement on the terms and conditions set forth in the Settlement Agreement

is fair, reasonable, and adequate, and that the Settlement is, in all respects, in the best interests of the Settlement Class Members. The court has specifically considered the factors relevant to class settlement approval. The court finds that the Settlement is fair, reasonable, and adequate to all concerned given, among other things: the relief provided for the Settlement Class Members; the substantial discovery and litigation that has already occurred in this case; the strength of the Parties' claims and defenses; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout trial; the experience and views of Class Counsel; and the positive response of the Settlement Class Members. The court, having engaged the parties during a settlement conference, finds that the Settlement Agreement is not the product of collusion. This finding is supported by, among other things, the fact that the Settlement Agreement was negotiated by experienced, well-qualified counsel with the active involvement of the court; the Settlement provides reasonable monetary benefits to Settlement Class Members; the benefits to Settlement Class Members are not disproportionate to the Class Counsel's attorneys' fees and expenses awarded; and the benefits provided to Settlement Class Members are appropriate under the circumstances of this Action.

      12. **Payments to Settlement Class Members**. The Parties and Settlement Administrator are ordered to implement and carry out the Settlement Agreement in accordance with the terms and provisions thereof, including the processing of Claims by Settlement Class Members and distribution of the Settlement Fund. Under no circumstances shall payments to Settlement Class Members be made before the Final Settlement Date.

      13. **Service Award to Plaintiff**. Plaintiff has applied for a service award in the amount of $2,500. Plaintiff's request is granted, with the court finding that this amount is fair and reasonable. The Settlement Administrator is ordered to pay or cause to be paid the service award of $2,500 to Named Plaintiff from the Settlement

Fund Balance, strictly in accordance with the terms and provisions of the Settlement Agreement. Under no circumstances shall this service award be paid before the Final Settlement Date.

14. **Attorneys' Fees and Expenses.** Class Counsel has applied for an award of attorneys' fees and expenses incurred in this Action in the amount of $247,530 ($246,667 in attorneys' fees and $863 in expenses). Class Counsel's request is granted, with the court finding that these fees and expenses are fair and reasonable. The court awards $247,530 to Class Counsel, which constitutes the sole and exclusive monetary compensation to Class Counsel related to the Action. The Settlement Administrator is ordered to pay or cause to be paid these fees and expenses from the Settlement Fund Balance, strictly in accordance with the terms and provisions of the Settlement Agreement. Under no circumstances shall these fees and expenses be paid before the Final Settlement Date.

15. *Cy Pres.* The court approves of BBB National Programs, National Advertising Division ("BBB"), as *cy pres* recipient, and directs the Settlement Administrator to transfer the Residual Funds, if any, to BBB within Fourteen (14) calendar days after the Check Cashing Deadline.

16. **Release.** As of the Final Settlement Date, the Releasing Parties, including Plaintiff, shall be deemed to have, and by operation of this Order, shall have, fully and irrevocably released and forever discharged the Released Parties from all Released Claims, as more fully set forth in Sections II.A.27-28 and VIII of the Settlement Agreement.

17. **Settlement Website.** The court orders the Settlement Administrator to remove the settlement website within 10 calendar days after the Check Cashing Deadline.

18. **Binding Effect**. The Settlement Agreement, this Final Approval Order, the final dismissal, and all other Orders and directives of the court, including,

6

without limitation, the releases provided for in the Settlement Agreement, are binding on Plaintiff and on all Settlement Class Members, and their respective heirs, administrators, executors, representatives, trustees, successors, and assigns, and shall inure to the benefit of Defendant and the other Released Parties, as well as to their respective, heirs, administrators, representatives, trustees, successors, and assigns.

19. **Dismissal of Action.** The Court hereby dismisses the Action without prejudice with leave to reinstate the case, by no later than March 20, 2024, solely for purposes of enforcing the terms of the Settlement Agreement and not to litigate underlying action. The Releasing Parties are hereby permanently barred and enjoined (including during the pendency of any appeal taken from this Final Approval Order or from the dismissal entered in connection with this Order) from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims, as set forth in Sections II.A.28 and VIII of the Settlement Agreement, in any judicial, administrative, arbitral or other forum, against any of the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this court's authority to effectuate the Settlement. Nothing in this Order or in the dismissal entered in connection with this Order shall preclude any action to enforce the terms of the Settlement Agreement.

20. **Court's Continuing Jurisdiction**. Without affecting the finality of this Order in any way, the court hereby retains continuing and exclusive jurisdiction over the Action, the Parties, Class Counsel, and Settlement Class Members for purposes of administering, supervising, construing, and enforcing this Order and the Settlement Agreement.

21. **No Admissions**. Neither this Order and the dismissal entered in connection with this Order, or the Settlement Agreement (nor any other document

referred to herein, nor any action taken to carry out this Order) shall be construed as or used as an admission or concession by or against Inventure or the Released Parties regarding the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever.

    **22.** **Extensions and Modifications**. Without further Order of the court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Order.

    **ENTER:**

    _____
    **Young B. Kim**
    **United States Magistrate Judge**